UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| James F. Barger and <br> Mary Jane Barger, <br><br> Plaintiffs, <br><br> v. <br><br> BSH Home Appliances Corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

COME NOW the Plaintiffs, James F. and Mary Jane Barger, and file this Complaint against the Defendant, BSH Home Appliances Corporation, and in support thereof, state as follows:

## NATURE OF THE CASE

1.      This case arises from a June 22, 2012 fire at the Plaintiffs' personal residence at 202 Dunbar Drive, St. Simons Island, Georgia, 31522, caused by a residential dish washer defectively manufactured by the Defendant, causing the Plaintiffs substantial property damage, loss of the peaceful use and enjoyment of their house, and mental anguish.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper pursuant to 28 U.S.C. 1332.  Plaintiff and Defendant are residents of different states, and as demonstrated herein, the amount in controversy exceeds $75,000.

3. Venue is proper because the events giving rise to this lawsuit occurred in Glynn County, Georgia.

**PARTIES**

4. Plaintiff James F. Barger is an adult resident of St. Simons Island, Georgia.

5. Plaintiff Mary Jane Barger is an adult resident of St. Simons Island, Georgia.

6. Defendant BSH Home Appliances is a Delaware corporation with its principal place of business in Irvine, California. BSH Home Appliances does business in Glynn County, Georgia.

**FACTUAL ALLEGATIONS**

7. James and Mary Jane Barger own a home at 202 Dunbar Drive, St. Simons Island, Georgia, 31522.

8. Early in the morning on June 22, 2012, while Plaintiffs, their adult daughter, and two of their grandchildren were asleep in the house, the dish washer in Plaintiffs' kitchen, which as designed, manufactured, marketed, and packaged by Defendant (the "Bosch Dish Washer"), caught fire.

9. The fire alarm in Plaintiffs' home detected the fire at 1:06 AM and sounded, and Plaintiffs, their daughter, and their grandchildren evacuated the home.

10. Local firefighters responded to the call and arrived at the home at 1:15 AM.

11. Although the firefighters were able to control the fire, the home and its contents experienced substantial damage.

12. The Bosch Dish Washer was not merchantable and was defective in the following ways when it left the control of the Defendant:

    a. The Bosch Dish Washer had a manufacturing defect.

    b. The Bosch Dish Washer had a design defect.

    c. The Bosch Dish Washer had marketing/packaging defect.

13. The fire at Plaintiffs' home and the resulting damages were proximately caused by the defective condition of the Bosch Dish Washer.

14. As a result of the fire, Plaintiffs were without the use of substantial portions of their home for 75 days.

15. The cost to repair the home, together with the out of pocket expenses Plaintiffs incurred as a direct result of the fire, are well in excess of $75,000.

16. Plaintiffs experienced and continue to experience mental anguish as a result of the fire.

## COUNT ONE
### Negligence

17. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16.

18. Defendant had a duty to exercise reasonable care in the design, manufacturing, packaging, distribution, and sale of its appliances, including the duty to insure that the Bosch Dish Washer was not likely to start a fire.

19. Defendant breached its duties to Plaintiffs by failing to exercise ordinary care in the design, manufacturing, packaging, distribution, and sale of its appliances, and by manufacturing and selling to Plaintiffs a dish washer which was likely to start a fire.

20.     Defendant furthermore had a duty, once it became aware that some of its appliances were fire hazards, to promptly remediate the risk.

21.     Defendant breached its duties to Plaintiffs by failing to take reasonable steps to make appropriate remediation after it became aware that some of its appliances were fire hazards.

22.     As the proximate result of Defendant's negligence, Plaintiffs have suffered the damages described herein.

## COUNT TWO
### Strict Liability

23.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22.

24.     Defendant is engaged in the business of designing, manufacturing, packaging, distributing, and selling appliances, including dish washers, to customers.

25.     Defendant designed, manufactured, and placed in the stream of commerce the Bosch Dish Washer which Plaintiffs purchased and installed in their home.

26.     At the time the Bosch Dish Washer left Defendant's control, it was defective and unreasonably dangerous in that it was likely to cause a fire and therefore not safe for its intended and ordinary use.

27.     Plaintiffs could not by the exercise of reasonable care have discovered that the Bosch Dish Washer was unreasonably dangerous.

28.     The defective and unreasonably dangerous condition of the Bosch Dish Washer was the proximate cause of Plaintiffs' damages as described herein.

## COUNT THREE
### Breach of Warranties

29.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28.

30. Defendant marketed and advertised its appliances, including the Bosch Dish Washer, as safe and fit for use in consumers' homes, and expressly and impliedly warranted that its appliances, including the Bosch Dish Washer, were free from defect.

31. Plaintiffs purchased the Bosch Dish Washer on the basis of Defendant's express and implied warranties that it was safe and fit for use in homes, and that it was free from defect.

32. The Bosch Dish Washer was not safe or fit for use in homes, or free from defect, at the time it was purchased by Plaintiffs.

33. As the proximate result of Defendant's breach of warranties, Plaintiffs have suffered the damages described herein.

## COUNT FOUR
### Wantonness

34. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33.

35. Defendant knew or should have known that the Bosch Dish Washer was a substantial fire risk when it designed, manufactured, marketed, and placed the Bosch Dish Washer in the stream of commerce.

36. Defendant nonetheless proceeded to place the Bosch Dish Washer in the stream of commerce, with wanton and reckless disregard for the safety and well-being of consumers.

37. As the proximate result of Defendant's wantonness, Plaintiffs have suffered the damages described herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request the following relief:

a) An award of compensatory damages as determined by a jury;

b) An award of punitive damages as determined by a jury;

c) An award of attorneys' fees and costs;

d) Any further legal or equitable relief to which Plaintiffs are entitled under Georgia law, or which this Court deems proper.

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ Kevin A. Wangerin
Kevin A. Wangerin
Bullard & Wangerin
P.O. Box 18107
Macon, GA 31209-8107
Phone: 478-757-8500
Facsimile: 478-757-1132
Email: wangerink@aol.com